IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DAVIS,                              )<br>             Petitioner    )<br>                                            )<br>    vs.                                     )<br>                                            )<br>JEFFREY A. BEARD, Secretary of              )<br>Corrections; THE ATTORNEY GENERAL )<br>OF THE COMMONWEALTH OF                      )<br>PENNSYLVANIA,                               )<br>             Respondents   ) | Civil Action No. 08-441<br>District Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 be dismissed pre service pursuant to Rule 4. It is further recommended that a certificate of appealability also be denied.

II.    REPORT

Petitioner, Thomas Davis, with an Inmate Number of BZ998,[1] brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, complaining that the Pennsylvania Department of Corrections "unconstitutionally resentenced and/or modified the sentence of January 14, 1992, at count 1 of 8904099 to reflect 14 to 28 years." Dkt. [1-2] at 4, ¶ 10. Petitioner also complains that on "March 8, 2005, the PBPP further unconstitutionally resentenced and/or modified the sentence of January 14, 1992, at count 1 of 8904099 to reflect a continuous 28 year flat custodial

---

[1] The Clerk's office incorrectly lists the DOC inmate Number as BX9982. The Court takes judicial notice of the Pennsylvania Department of Corrections Website which indicates that Petitioner's inmate number is BZ9982. That website is located at:

http://www.cor.state.pa.us/inmatelocatorweb/

(Site last visited 4/14/08).

sentence[.]" Dkt. [1-2] at 5, ¶ 11.   Because this petition is second or successive within the contemplation of AEDPA, it should be dismissed.  Alternatively because it is time barred it should be dismissed.

**Relevant Facts and Procedural History**

On January 14, 1992, Petitioner was sentenced to four counts of robbery in the Common Pleas Court of Allegheny County.  Id., at 3, ¶ 2.  According to Petitioner, he received the following sentences.  On Count 1 of 89-4099, Petitioner was sentenced to 7 to 14 years of imprisonment.  On Count 2, of 89-4099, he was sentenced to 7 to 14 years, consecutive to count 1.  Id., ¶ 4.  On Count 3 of 91-0184, Petitioner was sentenced to 7 to 14 years which was to run concurrent to count 1 of 89-4099.  On Count 4 of 91-0184, he was sentenced to 7 to 14 years, which was to run concurrent to Count 2 of 89-4099.  Hence it appears that according to Petitioner, he was sentenced to an aggregate of 14 to 28 years.

In the current habeas petition, Petitioner complains that the Pennsylvania Department of Corrections on January 29, 1993, changed Petitioner's sentence to be that he was sentenced to 14 to 28 years at count 1 of No. 89-4099.  Id., at 4, ¶10.  He also complains that on March 8, 2005, the Pennsylvania Board of Probation and Parole similarly modified his sentence to be that he was sentenced to a continuous 28 years sentence on Count 1 of No. 89-4099.  Id., at 5, ¶11.

The Court takes judicial notice of the fact that previously, Petitioner filed a total of four prior habeas petitions, all of which appear to have attacked his conviction and/or sentences at Nos. 89-4099 and 91-0184.  Those prior habeas petitions, of which this court takes judicial notice,[2] are:

---

[2] See, e.g., Barber v. Cockrell, 2002 WL 63079, at *1 n.4  (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); Foster v. Mallisham, 2001 WL 1297690, *1  (N.D.Tex. Oct. 11, 2001)("From the face of the petition, and from court records of which this Court can take judicial notice, the Court determines that Foster is improperly challenging her sentence imposed in the Dallas Division of this Court in United States v.

2

Davis v. Chesney, No. 93-CV-1217 (W.D. Pa.); Davis v. Walters, No. 97-CV-629 (W.D. Pa.)(see docket entry dated 6/12/97 noting State court records received from Allegheny County Common Pleas Court re CC Nos. 9100184 and 8904099); Davis v. Walters, No. 2000-CV-884 (W.D. Pa.) (see Dkt. 4, entered 7/21/00, transferring petition to Court of Appeals as a second or successive petition based on the prior petition filed at No. 97-629); Thomas v. Stowitzky, No. 06-CV-1086 (W.D. Pa.)(see Dkt. 4, R&R recommending dismissal of petition as time-barred and Dkt. 6, District Court order adopting R&R).

In the most recent habeas petition filed at No. 06-CV-1086, Petitioner was attacking his convictions at Nos. 89-4099 and 91-0184. See Thomas v. Stowitzky, No. 06-CV-1086 (W.D. Pa. at Dkt. 1-2 at p. 2).

In the present case, Petitioner is proceeding pro se. Because he is incarcerated, he is deemed, pursuant to the prisoner mail box rule, to have filed his present habeas petition, at the earliest, on March 28, 2008, the date whereon he signed his IFP application and habeas petition.[3] As noted in the habeas petition at bar, Petitioner attacks the sentences arising from Nos. 89-4099 and 91-09184.

---

Foster, No. 3:97-CR-293-G (2), and therefore this petition for writ of habeas corpus pursuant to § 2241 must be summarily dismissed with prejudice.").

[3] The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the IFP application/habeas petition to the prison authorities, the court will treat March 28, 2008 the date whereon Petitioner signed his IFP application, as the filing date. See Cromwell v. King, 27 Fed.Appx. 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases)."); Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000).

**RULE 4**

Rule 4 of the Rules governing Section 2254 cases and, hence, the instant petition, provides in relevant part that

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this petition, this court takes judicial notice of the record in Thomas v. Stowitzky, No. 06-CV-1086 (W.D. Pa.).

**DISCUSSION**

**1. The present petition is second or successive**

Petitioner previously filed habeas petitions in this court. Petitioner has filed previous habeas petitions, including No. 06-CV-1086, challenging the same conviction and/or sentence as he challenges herein. Petitioner could have raised the challenge to his alleged wrongful sentence recalculations in the prior habeas petition filed at No. 06-CV-1086, given that the alleged recalculation by DOC occurred as early as January 29, 1993[4] and given that the alleged recalculation by the Board occurred as early as March 8, 2005 and given that Petitioner did not execute his petition in No. 06-CV-1086 until August 14, 2006, long after the alleged illegal recalculations/modifications. Hence, the present petition constitutes a second or successive petition within AEDPA's contemplation. See, e.g., Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005)(holding that a habeas petitioner who filed a first habeas petition, challenging his conviction, which was denied and thereafter, filed a second habeas petition, challenging a parole denial where the claims concerning the parole denial were available to him prior to his filing the first habeas petition, the second habeas petition had to be dismissed as violating AEDPA's bar on second or successive petitions). The Benchoff opinion based its reasoning on the fact that one must bring all of one's claims which are available at that time in one habeas petition, regardless of whether a habeas petitioner challenges the conviction or the administration of the sentence. See id., at 818-819 ("every Court of Appeals to have addressed the question has required a petitioner to raise claims relating to his or her underlying conviction in the same petition as available claims dealing with the administration of the sentence and has found a petitioner's failure to do so to be an abuse

---

[4] Given that the DOC recalculation occurred as early as January 29, 1993, it may well be that this particular claim was barred as second or successive as early as Petitioner's first habeas petition in Davis v. Chesney, No. 93-CV-1217 (W.D. Pa.), which petition was filed July 22, 1993.

of the writ."). Because the claims Petitioner raises herein were available to him at the time he filed his habeas petition in No. 06-CV-1086, and because that petition was decided on the merits[5] as being time barred, this petition is second or successive, and because Petitioner has not obtained the Court of Appeals permission to file it, it should be dismissed.[6]

**2. The Petition is Time Barred**

Alternatively, the present petition is time barred. While the present petition does not ostensibly attack the conviction and the imposition of sentence but rather the purported wrongful recalculation of his sentences by the DOC on January 29, 2003 and by the Board on March 8, 2005, the Court finds that AEDPA's statute of limitations began to run on those respective days. See, e.g., McAleese v. Brennan, 483 F.3d 206 (3d Cir. 2007)(applying AEDPA's statute of limitations to parole denial and measuring the running of the SOL from the date of the parole denial under 28 U.S.C. § 2244(d)(1)(D), finding that the date of parole being denied was the date of the factual predicate). Because more than a year has passed since those dates and the date the

---

[5] See, e.g., Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)("for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); Greene v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000)("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits."). See also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding an earlier petition dismissed on the basis of AEDPA's statute of limitations barred a second petition because the prior dismissal based on the statute of limitations constituted an adjudication on the merits, rendering the second petition second or successive within the meaning of AEDPA); Bottone v. United States, 350 F.3d 59, 63 (2d Cir. 2003)("a petition that has been dismissed as time-barred has been decided on the merits and renders any subsequent petition second or successive under AEDPA").

[6] Because the second or successive bar of AEDPA implicates the subject matter jurisdiction of the District Court, this court may raise the issue sua sponte. Benchoff, 404 F.3d at 815 ("it is incumbent upon us to address the successiveness issue sua sponte to ensure that we and the District Court have jurisdiction to hear the merits of Benchoff's petition"); Pena v. Quarterman, No. EP-07-CA-169-KC, 2007 WL 1642792, at *2 (W.D.Tex. May 24, 2007)("a district court may sua sponte raise the issue of whether a habeas corpus petition is successive.")

6

Petitioner is deemed to have filed the present petition, i.e., March 28, 2008, the present petition is time barred under AEDPA and should be dismissed on that basis.[7]

**Certificate of Appealability**

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

There is a difficulty with this provision when the District Court does not address the issue of a constitutional violation, but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [COA] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 484. Hence, the analysis as to whether a COA should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Walker v. Government of the Virgin Islands, 230 F.3d at 90. The test is conjunctive and both prongs must be met. See id. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition based upon the fact that it is second or successive

---

[7] The court may raise the AEDPA statute of limitations bar sua sponte pursuant to Rule 4. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005), cert. denied, 547 U.S. 1123 (2006).

and/or time-barred was correct. Accordingly, a certificate of appealability should be denied. Because of this conclusion, the court does not need to reach the other prong of the <u>Slack v. McDaniel</u> test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the Petitioner is permitted to file written objections by May 9, 2008 in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

*/s/ Amy Reynolds Hay*
United States Magistrate Judge


Dated: 22 April, 2008

cc: The Honorable Gary L. Lancaster
United States District Judge

Thomas Davis
BZ-9982
SCI Mercer
801 Butler Pike
Mercer, PA 16137